DIEPPA, APPELLANT, *v.* REGISTRAR OF AGUADILLA, RESPONDENT.

## APPEAL from a Decision of the Registrar of Property Refusing to Record a Tax Sale.

### No. 600.—Decided December 22, 1924.

RECORD OF TITLE—TAX SALE—CERTIFICATE OF COLLECTOR—IDENTITY OF PROPERTY.—The property being recorded in the name of ''Eusebio Práxedes Serrano y Serrano,'' a certificate of a tax sale issued by the collector of internal revenue reciting that the proceeding was brought against the heirs of ''Práxedes Serrano'' can not be recorded. The property should appear recorded in the names of the heirs if the sale was made in a proceeding against him.

ID.—ID.—ID.—A tax sale certificate should show that the notice of attachment referred to in sections 336 and 342 of the Political Code was given.

ID.—ID.—ID.—ATTACHMENT.—The fact that an attachment had been recorded prior to the tax sale does not prevent the registrar from refusing to record a defective certificate of sale. The case of *Gerena* v. *Registrar,* 26 P. R. R. 79, applies to titles already recorded and an attachment is not a title within the spirit of the Mortgage Law.

ID.—ID.—MORTGAGE LAW.—It was not the intention of the Legislature that tax sales could be recorded independently of the provisions of the Mortgage Law. The idea of the Mortgage Law is to protect third persons and the almost universal construction' that has been placed on sales for taxes is that they must conform to the provisions of the Mortgage Law in order to be recordable.

The facts are stated in the opinion.

The appellant appeared by brief.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

The document presented for record was a certificate of sale of real estate. The collector of internal revenue of San Sebastián certified that in a public auction there was sold to José Dieppa Pérez for the sum of $8.26 a piece of real estate of 12½ acres and one house in Barrio Guatemala of San Sebastián with the following boundaries: (In a straight column down appear the following: N. Vidal Medina; S. Víctor P. Martínez; E. Víctor P. Martínez; O. Ramón Montalvo, each occupying a separate line.) The letters N. E. S. O. were probably intended to indicate the cardinal directions, but they do not do so with certainty. Then under the head of ''delinquent taxpayer'' appears the name ''Práxedes Serrano Sucesión.'' The collector also certifies

that the described lot appears to be a part of a lot of greater extent recorded in the Registry of Property of Aguadilla at page 72, vol. 7, inscription 1.

On the back of the document the Treasurer of Porto Rico certifies that the certificate of the collector is a true copy of the one attached to the file of the original (*razón*).

This document, presented to the Registrar of Aguadilla, was denied record for the following reasons:

"Record of the foregoing document, which is certificate of sale No. 713–1338 issued by M. de Jesús, Collector of Internal Revenue of San Sebastián, on July 22, 1918, in favor of José Dieppa y Pérez, is denied upon examination of other documents, and instead a cautionary notice is entered in favor of José Dieppa y Pérez at page 157 over of volume 33 of San Sebastián, property number 1856, entry letter A, for the reasons that the property of 12½ acres, with a house erected thereon, to which the said document refers appears to consist of 13 acres more or less and is recorded in the name of Eusebio Práxedes Serrano y Serrano; that the certificate of sale indicates that the action instituted for the collection of taxes, surcharges and costs was brought and maintained against the succession of Práxedes Serrano, it being impossible to say whether this person is the same Eusebio Práxedes Serrano y Serrano in whose name the property is recorded; that it is not expressed who are the members of the succession of Práxedes Serrano, and it is not shown in any manner that the provisions of section 336 of the Political Code of Porto Rico have been complied with by notifying the order of attachment to the debtor or any of his relatives or neighbors, as provided in said section; that although the records of the registry show the existence of a mortgage in favor of Víctor P. Martínez y González, it does not appear that the said mortgagee has been given an opportunity to intervene in the proceedings and pay the taxes due, in accordance with section 334 of the Political Code, or to redeem the property within the time fixed by section 348 of the same Code; and for the further reason that this property has not been previously recorded in the name of the vendor succession. The above mentioned cautionary notice has been entered for the legal term. Aguadilla, September 17, 1924."

The registrar was perhaps mistaken in saying that a description of 12½ acres was not the equivalence of 13

acres, provided the rest of the description was at all adequate. Without stressing too much for the present the fact that N. S. E. O. are not a sufficient description of the cardinal directions, the salient fact remains that the lot sold for taxes was supposed to be carved out of a larger lot belonging to the supposed delinquent taxpayer. If it was so carved, one or more of the boundaries was necessarily the land of the said delinquent taxpayer, Práxedes Serrano, yet none of the given calls showed him as a neighbor. Perhaps it would have been better if the registrar had refused to record for want of a sufficient identification of the land. Hence the exact amount of the land was important and we should not feel disposed to reverse the ruling of the registrar.

The appellant entirely misses the point of the registrar when the latter said that the supposed land was recorded in the name of Eusebio Práxedes Serrano y Serrano. Hence a description with the surnames Práxedes Serrano was insufficient. The registrar at this point was not insisting that the lot did not appear in the name of the succession of Práxedes Serrano.

Likewise, the registrar was right in insisting that the property should appear to be recorded in the name of the succession if a sale against such succession had been effected. See the case of *Rodríguez* v. *Registrar of Arecibo,* decision of this court of December 8, 1924, *ante,* page 786.

Section 336 of the Political Code mentioned by the registrar it is true refers only to personal property, but section 342 of said code requires the same procedure to be followed in the sale of real estate as takes place in the sale of personal property. Section 342 demands the same notice to the owner that is required by section 336, and so does section 334. It would have been better if the registrar had mentioned both sections 336 and 342. Before this sold property was entitled to record it should appear that the notice to the owner required by section 342 had been given.

We likewise have some idea that the registrar is right in saying that a notice of the sale should be given to mortgagees as recorded, but we find no mention of this requirement in section 334 of the Political Code cited by the registrar.

The appellant in opening his argument complains that the registrar had violated the principle that a title once recorded could not be denied. The appellant means thereby that the attachment previous to sale was recorded. Such a recording is required by section 340 of the Political Code, but such an attachment is not a title within the sense of the Mortgage Law and the case of *Gerena* v. *Registrar of Humacao*, 26 P.R.R. 79, has no application.

Appellant attempted to place some reliance on the certificate of the Treasurer, on paragraph 15 of section 102 of the Law of Evidence and on the Act of 1907.

So far as the certificate of the Treasurer is concerned it adds no certainty to the validity or sufficiency of the sale. It merely certifies to the state of the record.

Section 102 of the Law of Evidence, par. 15, namely, that official duty has been regularly performed, cannot cure a defective description, nor in general add a positive link in a chain of title. This prescription of the Law of Evidence has a limited application which we shall not now discuss, but the Law of Evidence was principally meant for trials. Section 102 begins by saying that a presumption of this kind is disputable. When one is recording a possessory title or even a dominion title the record is made with the limitations inherent in such title. When property is recorded in the name of husband or wife it is presumably ganancial and all the world is bound to know it. When, however, one means to record a perfect title its record must import certainty. Presumptions, therefore, for this purpose are not generally available.

The principal doubt we have had, however, is by reason

of the Act of March 14, 1907, Laws of 1907, page 342. This provides as follows:

"If the right of redemption hereinafter provided for is not exercised within the time prescribed, said certificate, when recorded in the office of the Registrar of Property of the district in which the property is situated, shall vest the title to said property absolutely in the said purchaser, free from all mortgages, liens or other encumbrances. Said certificate shall be *prima facie* evidence of the facts recited therein in any controversy, proceeding or suit envolving or concerning the rights of the purchaser, his heirs or assigns, to the property thereby conveyed; and the purchaser, his heirs or assigns, may, upon receipt of such certificate, have the same duly recorded by the Registrar of Property of the district in which such property is situated upon the payment of a fee of two dollars."

Did the Legislature mean that every sale for taxes should be recorded independently of the provisions of the Mortgage Law and without regard to the previous record of the land sold for taxes? The Mortgage Law itself provides that its provisions should not be repealed by implication. It is true that with regard to attachments we have held in *Sobrinos de Villamil* v. *Registrar of San Juan,* 32 P.R.R. 502, that the Legislature from the language used clearly intended such a special record. The registrars of property have been restless under this decision and the exceptions should not be made except in clear cases. We feel bound to construe that the Legislature had regard to property already having a place in the registry and that the word "duly" indicated such intention. To hold otherwise is to permit the record of a description of a property sufficient to identify it, made by an assessor, to find a place in the registry and cause lawsuits to the real owner who may have paid his taxes on the property as recorded. This is only one of the many inconveniences and possible frauds that a different ruling might entail. The idea of the Mortgage Law is to protect third persons and the almost universal construction that has been placed on sales for taxes is that

they must conform to the Mortgage Law to obtain an inscription.

The registrar's decision must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.